# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEITH HAUPTSTUECK,

   Petitioner,

     -vs-

WARDEN, Lebanon Correctional
 Institution,

   Respondent.

:

:

:

:

Case No. 3:12-cv-356

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

# REPORT AND RECOMMENDATIONS

  This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

  Petitioner pleads that he was convicted on April 23, 2010, of various sexual offenses involving a minor in the Montgomery County Common Pleas Court and sentenced to sixty-six and one-half years imprisonment in Respondent's custody (Petition, Doc. No. 1, ¶¶ 2-5). Petitioner appealed to the Second District Court of Appeals which affirmed the conviction. *State v. Hauptstueck*, 2011-Ohio-3502, 2011 Ohio App. LEXIS 2972 ((Ohio App. 2nd Dist. July 15, 2011). Petitioner did not appeal to the Ohio Supreme Court within the forty-five days allowed by law. Instead, more than a year later, on July 25, 2012, he filed a motion for delayed appeal to

the Ohio Supreme Court (Petition, Doc. No. 1, ¶ 11(a)(3), PageID 4). That court denied the motion without a published decision. *State v. Hauptstueck*, 2012-Ohio-4381, 974 N.E. 2d 1208 (2012).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S.

838, 848 (1999)(citations omitted).

The 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground. *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004). Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, citing *Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). Where a state court is entirely silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry, the federal courts assume that the state court would have enforced any applicable procedural bar. *Bonilla* at 497, *citing Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

Rather than appealing within the time allowed by law, Petitioner waited more than a year after the judgment in the court of appeals to attempt an appeal to the Ohio Supreme Court. He has thus procedurally defaulted on his claims and the Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, he should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

October 25, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely

motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).