UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH HAUPTSTUECK, | : | Case No. 3:12-cv-356 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| WARDEN, Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND
RECOMMENDATIONS OF THE MAGISTRATE JUDGE (DOC. 2);
(2) OVERRULING PETITIONER'S OBJECTIONS (DOC. 4); (3) DISMISSING
THE PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE;
(4) DENYING ANY REQUESTED CERTIFICATE OF APPEALABILITY;
(5) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY
FRIVOLOUS; AND (6) TERMINATING THIS CASE**

This civil case is before the Court on the Report and Recommendations of the United States Magistrate Judge Michael R. Merz.  (Doc. 2).  The Magistrate Judge concludes that Petitioner's Petition for Writ of Habeas Corpus should be denied, a certificate of appealability should not be granted, and that the Court certify that any appeal would be objectively frivolous.  Petitioner filed Objections to the Report and Recommendations (Doc. 4), which are now ripe for review.

Petitioner's Petition demonstrates that, on April 13, 2010, he was convicted of a number of sex offenses in the Montgomery County, Ohio Court of Common Pleas and subsequently sentenced on April 23, 2010 to sixty-six years and six months in prison. Petitioner filed a direct appeal in the Ohio Second District Court of Appeals, which

affirmed Petitioner's convictions on July 15, 2011. On July 25, 2012, Petitioner filed a motion for leave to file a delayed appeal in the Supreme Court of Ohio, which was denied without further explanation on September 26, 2012. Petitioner then filed this Petition for Writ of Habeas Corpus on October 24, 2012, which the Magistrate Judge recommends be summarily dismissed, pursuant to Rule 4 of the Rules Governing § 2254 Cases, on the basis that Petitioner had procedurally defaulted his claims.

In his Objections, Petitioner first contends that Rule 4 of the Rules Governing § 2254 Cases does not allow summary dismissal of a petition for writ of habeas corpus. However, Rule 4 specifically provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also Clark v. Waller*, 490 F.3d 551, 554 (6th Cir. 2007). As stated by the Sixth Circuit, the Rule "permits a district court to dismiss habeas petition *sua sponte* as an initial matter." *Scott v. Collins*, 286 F.3d 923, 929 (6th Cir. 2002), *abrogated on other grounds by Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Accordingly, Petitioner's assertion that Rule 4 does not permit *sua sponte* dismissal of a petition is without merit and is overruled. *See Clark*, 490 F.3d 551.

Next, Petitioner argues that his petition cannot be summarily dismissed on the basis of procedural default because it is Respondent's duty to raise such a defense in the first instance. The Court finds no merit to Petitioner's argument in this regard. As stated by the Supreme Court of the United States:

> While the issue remains open in this Court, see *Trest v. Cain*, 522 U.S. 87, 90, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997), the Courts of Appeals have unanimously held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default, i.e., a petitioner's failure properly to present an alleged constitutional error in state court, and the consequent adequacy and independence of state-law grounds for the state-court judgment.

*Day v. McDonough*, 547 U.S. 198, 206 (2006).[1]

Here, the face of Petitioner's Petition demonstrates that he failed to timely file a direct appeal to the Supreme Court of Ohio and that his motion for leave to file a delayed appeal was denied. A review of the Supreme Court of Ohio's ruling on Petitioner's motion for leave to file a delayed appeal shows that it was simply denied without further explanation. *State v. Hauptstueck*, 132 Ohio St.3d 1530, 974 N.E.2d 1208 (Ohio Sept. 26, 2012). Under such circumstances, federal habeas review is foreclosed on procedural grounds. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

---

[1] Citing *Brewer v. Marshall*, 119 F.3d 993, 999 (1st Cir. 1997); *Rosario v. United States*, 164 F.3d 729, 732 (2nd Cir. 1998);*207 *Sweger v. Chesney*, 294 F.3d 506, 520 (3rd Cir. 2002); *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999); *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998); *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998); *King v. Kemna*, 266 F.3d 816, 822 (8th Cir. 2001) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003); *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002); *Moon v. Head*, 285 F.3d 1301, 1315, n. 17 (11th Cir. 2002).

  As set forth by the Sixth Circuit in *Bonilla*:

> When a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Since both cause and prejudice must be shown to excuse a procedural default, the failure to establish cause eliminates the need to consider prejudice. *Murray v. Carrier*, 477 U.S. 478, 494-95, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

*Bonilla*, 370 F.3d at 497. Here, neither Petitioner's Petition nor his Objections suggest beyond mere conclusory assertion that cause exists to excuse the default or that failure to consider the Petition will result in a fundamental miscarriage of justice.

  Accordingly, as required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the findings of the Magistrate Judge and considered the issues *de novo*. Based upon the reasoning and citations of authority set forth by the Magistrate Judge and upon the Court's *de novo* review, the Court: (1) **ADOPTS** the Report and Recommendations (Doc. 2) in its entirety; (2) **OVERRULES** Petitioner's Objections (Doc. 4); (3) **DENIES** and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus with prejudice; (4) **DENIES** any request for a certificate of appealability under 28 U.S.C. § 2253(c); (5) **CERTIFIES** that any appeal would be objectively frivolous and **DENIES** any request for leave to appeal *in forma pauperis*; and (6) **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED**.

Date:  December 4, 2012                              *s/ Timothy S. Black*
                                                     Timothy S. Black
                                                     United States District Judge